GOODWIN | PROCTER

David J. Apfel
617.570.1970
dapfel@
goodwinprocter.com

Goodwin Procter LLP
Counsellors at Law
Exchange Place
Boston, MA 02109
T: 617.570.1000
F: 617.523.1231

September 20, 2005

**By Facsimile (617-748-3951) and By Hand**

AUSA Glenn MacKinlay
AUSA Cynthia Lie
United States Attorney's Office
John Joseph Moakley U.S. Courthouse, Suite 9200
1 Courthouse Way
Boston, MA  02210

Re:  **United States v. Darnell Upshaw,
     Criminal No. 05-10222-DPW**

Dear Glenn and Cynthia:

In addition to automatic discovery and other items requested in my letter dated August 30, 2005, defendant Darnell Upshaw requests that the government provide him with the following:

1. The identity of the Confidential Informant whose identity is redacted or referred to as "CRI" or "CW" in the law enforcement reports already produced in this case.[1]

2. Information concerning any and all promises, rewards and inducements offered to the Confidential Informant.

3. The criminal record, if any, of the Confidential Informant.

4. All documents concerning the credibility of the Confidential Informant.

---

[1] To the extent the government is unwilling to provide the information requested in Request Nos. 1-5 because of safety concerns, we would agree to receive the information under the terms of an appropriate protective order authorizing production for attorneys' eyes only, not to be shared with defendant.

LIBA/1582910.2

GOODWIN | PROCTER

AUSA Glenn MacKinlay
AUSA Cynthia Lie
September 20, 2005
Page 2

5. All reports, handwritten notes or other documents concerning any communications with the Confidential Informant about:

   (a) Events that occurred on April 21, 2005.

   (b) Events that occurred on April 22, 2005.

   (c) All other matters as to which the Confidential Informant has provided information to law enforcement.

6. The criminal record of Justice Ainooson.

7. The criminal record of Jermaine Politano.

8. The criminal record of anyone the government intends to call as a witness at trial.

9. All handwritten notes, reports or other documents concerning any interview of Darnell Upshaw incident to his arrest on August 26, 2005.

10. All handwritten notes, telephone logs, transcriptions, recordings, voicemails, reports or other records of the Brockton Police Department, including Lieutenant LaFratta, and of the Bureau of Alcohol, Tobacco, Firearms or Explosives ("ATF"), including ATF Special Agent Pijaca, concerning efforts to contact and/or any actual contact or communication with Darnell Upshaw on August 25, 2005.

11. All handwritten notes, telephone logs, transcriptions, recordings, voicemails, reports or other records of the Brockton Police Department, including Lieutenant LaFratta, and of the ATF, including ATF Special Agent Pijaca, concerning any communications and/or attempted communications with Anthony Fugate, Esq. on August 25 or August 26, 2005.

12. Evidence of the notice given to all pertinent law enforcement entities, including but not limited to the Brockton Police Department and the ATF, of their obligation to preserve all contemporaneous notes, memoranda and other documents they are obliged to preserve per Local Rule 116.9

13. Identification of all documents used in any way in connection with the drafting of the "Supplemental Report for Darnell Upshaw ammunition pick up 4/22/05," prepared by Detective David Delehoy of the Brockton Police Department.

Case 1:05-cr-10222-DPW    Document 13    Filed 09/22/2005    Page 3 of 5

# GOODWIN | PROCTER

AUSA Glenn MacKinlay
AUSA Cynthia Lie
September 20, 2005
Page 3

14. Evidence of the date on which the "Supplemental Report for Darnell Upshaw ammunition pick up 4/22/05" was prepared by Detective David Delehoy of the Brockton Police Department.

15. All handwritten notes and other documents used in connection with the drafting of the August 14, 2005 report "Re: Darnell Upshaw" prepared by Detective G.C. Almeida of the Brockton Police Department.

16. All handwritten notes and other documents used in connection with the drafting of

GOODWIN | PROCTER

**GOODWIN | PROCTER**

AUSA Glenn MacKinlay
AUSA Cynthia Lie
September 20, 2005
Page 4

        related to Justice Ainooson, Jermaine Politano or Darnell Upshaw for events occurring on April 21-22, 2005, and/or for anything that might constitute "relevant conduct" within the U.S. Sentencing Guidelines.

23. A description, including the approximate date, time, and place of any crime, wrong, or act the government proposes to offer in evidence against Darnell Upshaw pursuant to Fed. R. Evid. 404(b).

24. All notes and reports concerning the investigation and/or observations of Darnell Upshaw, on April 21 and April 22, 2005

25. A list of all prospective government witnesses.

26. A list of all persons with information relevant to the investigation and/or indictment of Darnell Upshaw but whom the government does not anticipate calling as witnesses at trial.

27. A list of documents the government intends to introduce into evidence at trial against Darnell Upshaw.

28. All information about whether any law enforcement agent, officer or officers who has participated in the investigation or trial of this case has ever been the subject of an investigation leading to any disciplinary action, criminal prosecution or litigation for conduct involving false statements, perjury, obstruction of justice, receipt of gratuities or violating the rights of a criminal suspect or defendant.

29. In addition to the exculpatory material the government is required to produce pursuant to Local Rules 116.1(C)(2) and 116.2, please provide the following specific information:

    (i) all information known to the government of any criminal, civil or administrative investigation or prosecution of any government witness;

    (ii) a statement of whether any government witness was, at any time during the investigation or prosecution of this case, on probation, parole, supervised release or some other form of government supervision, or had any criminal charges outstanding;

    (iii) any and all statements made by any government witness regarding all promises, rewards and inducements, or favorable treatment of any kind, which the witness expects to receive or is trying to obtain, whether or not

GOODWIN | PROCTER

AUSA Glenn MacKinlay
AUSA Cynthia Lie
September 20, 2005
Page 5

        the government has agreed to provide such promises, rewards, inducements or treatment, and any and all statements made during negotiations as to what the government might or might not do depending on the cooperation of the government witness;

(iv)    any and all information concerning inconsistent statements, false statements and/or omissions of material fact by any government witness during the course of interviews by law enforcement officials; and

(v)    any and all statements made by any government witness that are inconsistent with any statement made by any other witness and which concern any facts material to the investigation, defense or prosecution.

Also, please let us know when we will be able to inspect the real evidence, including ammunition, that the government intends to use and/or that the government has seized in connection with this case.

As used throughout these requests, the term "government" includes all branches of the Justice Department, including the Bureau of Prisons, the Bureau of Alcohol, Tobacco, Firearms and Explosives, as well as all state, local and federal police, investigative and prosecutorial agencies involved in any way in the investigation and prosecution of the crime charged in the indictment.

Per Local Rule 116.3(A), please reply in writing to the above-listed requests no later than fourteen (14) days from now, *i.e.*, October 4, 2005. If you anticipate any problem complying with this deadline, please let me know.

Very truly yours,

*David J. Apfel (abb)*

David J. Apfel

DJA:abb

cc:    Darnell Upshaw
       Rex Brown, Courtroom Deputy to Magistrate Judge Joyce L. Alexander
       **Michelle Rynne, Courtroom Deputy to the Honorable Douglas P. Woodlock**