FILED
UNITED STATES DISTRICT COURT CLERKS OFFICE
DISTRICT OF MASSACHUSETTS

2005 OCT 17  P 4: 17

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No. 05-CR-10222 |
| | ) | (DPW) |
| | ) | U.S. DISTRICT COURT |
| v. | ) | DISTRICT OF MASS. |
| | ) | |
| DARNELL UPSHAW | ) | |

## JOINT STATUS REPORT

In accordance with LR 116.5(A), the parties hereby jointly file the following status report in this matter.

1. Local Rule 116.3 Timing Requirements

At this time the parties are not seeking relief from the timing requirements imposed by L.R. 116.3.

2. Expert Discovery

Defendant does not currently expect to have any expert testimony. Defendant will provide timely notice to the government if Defendant expects to offer expert testimony. If stipulations cannot be obtained, the government expects to call an expert witness as to the ammunition in this case and will provide timely notice to the defense.

3. Additional Discovery

The government's position is that all Rule 16 and automatic discovery materials have been provided to defendant's counsel or made available for counsel's review. In letters dated September 6 and 20, 2005, Defendants' counsel requested discovery from the government. On September 22, 2005 the government produced automatic discovery. Defendants' counsel is in

the process of reviewing and conferring with the government on the completeness of that discovery to determine whether there are any discovery disputes.

4. Motion Date

Defendant is currently determining whether there is a need for any discovery motions. The parties request setting motion dates at the next conference.

5. Speedy Trial Act Calculations

The parties have conferred on the periods excludable from all Speedy Trial Act calculations and jointly submit that the following periods are excludable:

9/03/05-10/1/05     28 days for automatic discovery

10/2/05-10/17/05    15 days counted

The parties are requesting that the time between the filing of this status report and the date of the Final Status Conference be excluded from all Speedy Trial Act calculations in the interests of justice to allow the parties to discuss the possibility of a resolution of this case without trial.

As of the Final Status Conference, 15 days will have been counted and 55 days will remain under the Speedy Trial Act.

6. Anticipated Trial

At this time, the parties cannot say whether there will be a trial. If there is a trial, the parties anticipate it would take approximately one week.

7. <u>Final Status Conference</u>

The parties request that a final status conference be scheduled for December 21, 2005, or any other date in December 2005 prior to December 25 that is convenient to the Court.

Respectfully submitted,

                        MICHAEL J. SULLIVAN

                        UNITED STATES ATTORNEY

By: _____
     CYNTHIA W. LIE
     Assistant U.S. Attorney
     One Courthouse Way
     Boston, MA
     (617) 748-3183

Dated: October 17, 2005

By: _____ Via voicemail consent
     David J. Apfel (BBO # 551139)
     Anita B. Bapooji (BBO # 644657)
     GOODWIN PROCTER LLP
     Exchange Place
     Boston, MA 02109-2881
     617-570-1000

Dated: October 17, 2005