**GOODWIN | PROCTER**

Anita B. Bapooji
617.570.1998
abapooji@
goodwinprocter.com

Goodwin Procter LLP
Counsellors at Law
Exchange Place
Boston, MA 02109
T: 617.570.1000
F: 617.523.1231

November 2, 2005

**By Facsimile (617-748-3951)**

AUSA Cynthia Lie
United States Attorney's Office
John Joseph Moakley U.S. Courthouse, Suite 9200
1 Courthouse Way
Boston, MA 02210

Re:   **United States v. Darnell Upshaw,
      Criminal No. 05-10222-DPW**

Dear Cynthia:

I am writing to confirm our recent discussion regarding the discovery you produced under cover of letter dated September 22, 2005.

Please confirm that:

1. We may listen to and/or duplicate the audio and video surveillance of Jermaine Politano and Justice Anooson mentioned in the various police reports that were produced. We would like to set up a time to do this as soon as possible.

2. There have been no other promises made to the Confidential Informant other than the payment of $9,962.90 disclosed in the discovery materials.

3. There is no information about how the Confidential Informant came to be a paid police informant other than documents 0000000100-101.

4. You will provide *Jencks* materials as required under 18 U.S.C. § 3500, and Fed. R. Crim. P. 26.2. (Please let us know the extent to which you will agree to provide *Jencks* material prior to trial.)

5. The discovery you provided was all that exists in response to our requests. The absence of any document that we requested indicates that the document does not exist.

# GOODWIN | PROCTER

AUSA Cynthia Lie
November 2, 2005
Page 2

In light of your representation that all responsive documents have been produced, we assume the following:

  a. Justice Anooson does not have any criminal record.

  b. The date when Detective Delehoy wrote his supplemental report (0000000034) is unknown.

  c. The agents who interrogated and elicited statements from Mr. Upshaw after his arrest on August 26, 2005 did not provide Mr. Upshaw with a Miranda or attorney waiver form nor did they obtain a signed Miranda or attorney waiver form from Mr. Upshaw.

  d. None of the officers or agents who were involved with the surveillance or arrest of Mr. Upshaw have been subject to investigation or disciplinary action.

  e. No notices were provided to law enforcement relating to Local Rule 116.9 or Local Rule 116.8.

If any of these assumptions are incorrect, please let us know.

Finally, we will be back to you shortly on the issue of further cooperation.

Very truly yours,

Anita B. Bapooji

cc:   Darnell Upshaw
      David J. Apfel, Esq.
      Jarrett Lovett, Courtroom Deputy to Magistrate Judge Joyce L. Alexander
      Michelle Rynne, Courtroom Deputy to the Honorable Douglas P. Woodlock

LIBA/1641148.2

2