```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

FILED
In Open Court
USDC, Mass.
Date 12/6/05
By JL

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal No. 05-CR-10222 |
| ) | (DPW) |
| v. ) | |
| ) | |
| DARNELL UPSHAW ) | |

**FINAL STATUS CONFERENCE REPORT**

The parties in the above-entitled criminal matter, the United States of America (the "government") and the above-referenced defendant hereby submit this Final Status Conference Report, pursuant to Local Rule 116.5(C)(1)-(8).

1. **Whether there are outstanding discovery issues not yet presented or resolved by the Court.**

   No. There are no outstanding discovery motions that need to be resolved by the Court.

2. **Whether a party anticipates providing additional discovery as a result of its future receipt of information, documents, or reports of examinations or tests.**

   Defendant does not currently expect to have any expert testimony. Defendant will provide timely notice to the government if Defendant expects to offer expert testimony. Should the case proceed to trial, the government expects to call an expert witness as to the ammunition in this case and will provide timely notice to the defense.

3. **Whether defendants intends to raise a defense of insanity or public authority.**

   No.

4. **Whether the government has requested notice of alibi by the defendant and, if so, whether the defendant has timely responded.**

1

The government did request notice of alibi, but the defendant has yet to respond.

5.  **Whether the defendants have filed, or intend to file, any motion to sever, dismiss, or suppress, or any other motion requiring a ruling by the District Court before trial.**

The defendant plans to file in limine motions prior to trial as is appropriate.

6.  **Whether a schedule should be set concerning any matter in the case other than trial.**

No, there is no other matter in this case to be scheduled.

7.  **Whether the parties have discussed the possibility of an early resolution of the case without a trial and if so, the results of that discussion.**

At this time, it appears that there will be a trial.

8.  **Whether there are periods of excludable delay under the Speedy Trial Act as to which the parties agree, and what they are, and whether there are any disagreements, and what they are, to enable the Magistrate Judge to rule on periods of excludable delay at the Final Status Conference.**

   5. Speedy Trial Act Calculations

The parties have conferred on the periods excludable from all Speedy Trial Act calculations and jointly submit that the following periods are excludable:

   9/03/05-10/1/05     28 days for automatic discovery

   10/2/05-10/17/05    15 days counted

   10/18/05-12/6/05    excluded interests of justice    49 days

The parties are requesting that the time between the filing of this status report and the date of the Final Status Conference

be excluded from all Speedy Trial Act calculations in the interests of justice to allow the parties to discuss the possibility of a resolution of this case without trial.

As of the Final Status Conference, 15 days will have been counted and 55 days will remain under the Speedy Trial Act.

9. **The estimated length of trial.**

One week.

Respectfully submitted,

MICHAEL J. SULLIVAN
UNITED STATES ATTORNEY

By: _____
CYNTHIA W. LIE
Assistant U.S. Attorney
One Courthouse Way
Boston, MA
(617) 748-3183

Dated: December 6, 2005

By: _____
David J. Apfel (BBO # 551139)
Anita B. Bapooji (BBO # 644657)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109-2881
617-570-1000
dapfel@goodwinprocter.com
abapooji@goodwinprocter.com

Dated: December 6, 2005