UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                                    )
UNITED STATES OF AMERICA     )
                                                    )
    v.                                          )         CR No. 1:05-CR-10222-DPW
                                                    )
DARNELL UPSHAW                      )
_____)

**DEFENDANT DARNELL UPSHAW'S MOTION TO SUPPRESS ALLEGED POST-ARREST STATEMENTS, AND REQUEST FOR AN EVIDENTIARY HEARING**

Pursuant to the Fifth, Sixth and Fourteenth Amendments of the United States Constitution, and the teachings of *Miranda v. Arizona*, 384 U.S. 436 (1966) and its progeny, defendant Darnell Upshaw hereby moves to suppress alleged post-arrest statements made during custodial interrogation following his arrest on August 26, 2005. The alleged statements must be suppressed for at least four independent reasons:

1.      The alleged statements were made after Mr. Upshaw had invoked his right to counsel, but without counsel present. Indeed, the alleged statements were elicited after Mr. Upshaw expressly informed the arresting agents that he had already retained counsel.

2.      The alleged statements were made during custodial interrogation without adequate or appropriate *Miranda* warnings having been given to Mr. Upshaw. Many of the statements were made before any *Miranda* warnings had been given, and at no point were full and complete *Miranda* warnings issued.

3.      Mr. Upshaw did not voluntarily, intelligently or knowingly waive his *Miranda* rights.

4.     Mr. Upshaw was high on marijuana at the time he made the alleged statements. His drugged state as well as the coercive conditions under which the statements were made rendered the "confessions" involuntary.

In further support of this motion, Mr. Upshaw incorporates herein the information and arguments set fourth in his Affidavit and Memorandum of Law, both of which are being filed contemporaneously herewith.

Mr. Upshaw also requests an evidentiary hearing on this motion, because he has a right to such a hearing -- s*ee e.g. Jackson v. Denno*, 378 U.S. 368, 376-77 (1964) (ruling that a defendant has a constitutional right to "a fair hearing and a reliable determination on the issue of voluntariness" of a challenged confession) -- and because he believes an evidentiary hearing will be helpful to the Court in resolving the motion.

    Respectfully Submitted,

    DARNELL UPSHAW
    By his attorneys,


    /s/ David J. Apfel
    David J. Apfel, Esq.
    Anita B. Bapooji Ryan, Esq.
    GOODWIN PROCTER, LLP
    Exchange Place
    53 State Street
    Boston, Massachusetts 02109
    Telephone: (617) 570-1000
    Facsimile: (617) 523-1231


Date: January 23, 2006

## **LOCAL RULE 7.1(A)(2) CERTIFICATE**

      I, David J. Apfel, hereby certify that pursuant to Local Rule 7.1(A)(2), I attempted to contact AUSA Cynthia Lie, via telephone and e-mail, in a good faith attempt to eliminate or narrow the issues raised in the above motion, but I was unsuccessful in my efforts.

      /s/ David J. Apfel
      David J. Apfel

## **CERTIFICATE OF SERVICE**

     I, David Apfel, attorney for the Defendant Darnell Upshaw, do hereby certify that I caused a copy of this motion to be served upon Cynthia Lie, Assistant U.S. Attorney, via ECF on January 23, 2006.

                                  /s/ David J. Apfel
                                  David J. Apfel

LIBA/1668260.1