UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                        )
**UNITED STATES OF AMERICA**            )
                                        )
   v.                                   )   CR No. 1:05-CR-10222-DPW
                                        )
**DARNELL UPSHAW**                      )
_____)


## SENTENCING MEMORANDUM OF DEFENDANT DARNELL UPSHAW

Darnell Upshaw grew up in a bad neighborhood, ran with a bad crowd, and smoked far too much marijuana. He is not, however, a bad man. He is neither violent nor dangerous. Although he has a criminal record that qualifies him as a "felon," and places him in criminal history category III, he is far more of a caregiver and provider for young children than he has ever been a criminal. His is a record of minor offenses, which added together distort and exaggerate his benign criminality.

The sentencing guidelines place Mr. Upshaw in a sentencing range of 15-21 months. But this range results from Mr. Upshaw's overstated criminal history category of III. If adjusted by just one category, Mr. Upshaw's guideline sentencing range would 12-18 months, and if adjusted by two levels, his range would be 10-16 months and within zone C of the guidelines. This 10-16

month range is the appropriate sentencing range for Mr. Upshaw.  An appropriate sentence within this range would be:

- A split sentence of six months incarceration (with credit for the eight days Mr. Upshaw was detained on the instant offense from August 26-September 2, 2005 – *see* PSR at ¶ 2), and six months in a drug treatment and rehabilitation program;

- No fine, as Mr. Upshaw is unable to pay a fine – *see* PSR at ¶¶ 65-66;

- A period of two years supervised release; and

- A mandatory special assessment of $100.

This sentence would be "sufficient, but not greater than necessary, to comply with the purposes" of sentencing as set forth in 18 U.S.C. § 3553(a)(2).  In addition, this sentence is reasonable given the "nature and circumstances of the offense and history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1).  As applied to Mr. Upshaw, the factors detailed in § 3553(a) readily justify the modest guideline sentencing variance proposed here.

1. **"The Nature and Circumstances of the Offense," 18 U.S.C. § 3553(a)(1)**

Mr. Upshaw has pled guilty to the offense of felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1).  The offense involved retrieving, at the direction of a friend, a small box of 50 rounds of ammunition from a hallway outside Mr. Upshaw's apartment in Brockton, Massachusetts, and then transferring the box to a confidential government informant ("CI").  The offense lasted all of one minute.  It was an act of stupidity, not malice.  No guns, no threats, and no violence were involved.

Prior to the arrival of the CI, Mr. Upshaw had been enjoying the spring day, washing a car with a friend and Mr. Upshaw's young nephew.  The CI interrupted this innocent activity when he arrived looking for a different friend of Mr. Upshaw's.  After speaking briefly with the CI, Mr. Upshaw called his other friend, and then went inside his apartment building, retrieved

the box of ammunition from the hallway, and handed it to the CI. He did not so much as touch the bullets, and he received nothing for his efforts. Mr. Upshaw's offense was not part of some greater scheme, at least none of which he was aware. Although the friend who Mr. Upshaw telephoned was apparently engaged in selling firearms, and had sold guns to the CI a day earlier, that conduct had occurred unbeknownst to Mr. Upshaw. The government has never alleged, nor so much as suggested, that Mr. Upshaw was involved in his friend's firearm trafficking offense. In fact, Mr. Upshaw has never himself possessed, let alone sold or used, a firearm. To be sure, he has been around others in his Brockton neighborhood who possessed guns, but he himself has never sold, used or possessed a firearm. The offense of conviction – possession of ammunition – is nothing to be proud of, but it is also not the sort of offense that bespeaks evils, or cries out for excessive punishment.

### 2. "The History and Characteristics of the Defendant," 18 U.S.C. § 3553(a)(1)

Mr. Upshaw is not a person who needs to spend time in prison or who presents a serious risk of recidivism. He is not a dangerous person. Magistrate Judge Dein recognized this when, shortly after Mr. Upshaw's arrest on the instant offense, she denied the government's detention motion and released Mr. Upshaw on conditions. He did not disappoint her. Although he tested positive for marijuana several times while on release, he steered clear of any trouble and has had no run-ins with the law. It appears as if all he needed in order to avoid criminal activity was to stay away from his old neighborhood in Brockton.[1] While on release, Mr. Upshaw has principally used his time to help his family by providing daycare for his young nephews. *See* PSR at ¶ 47.

---

[1] One of Mr. Upshaw's conditions of release has been that he reside outside of and that he not enter Brockton. *See* PSR at ¶ 52.

Mr. Upshaw has also never been a violent person. To the extent his PSR includes references to acts of violence, it is clear they have always occurred in connection with misunderstandings that were later resolved. *See*, *e.g.*, PSR at ¶ 50 and Defense Objection #13. Although one of the referenced violent incidents resulted in a conviction, even that one showed that Mr. Upshaw was guilty of associating with the wrong people, not that he was violent himself. PSR at ¶ 32 and Defense Objection #9.

The crimes for which Mr. Upshaw accumulated the criminal history points that placed him in criminal history category III under the guidelines were: (i) possession of marijuana; (ii) possession of marijuana; (iii) possession of marijuana and possession of ammunition; and (iv) simple assault. PSR at ¶¶ 29-32. In sequence, the sentences Mr. Upshaw received for these four convictions were: (i) CWOF; (ii) CWOF; (iii) probation; and (iv) six months incarceration, with three months to serve (deemed served). *Id.* Mr. Upshaw's crimes of conviction have not been those of a violent person, and the sentences he has received show that the judges before whom he has previously appeared have seen him as a pothead or hanger-on, and not as an instigator, initiator, or man of violence.

Mr. Upshaw's criminal history as well as his own admissions establish that he has a marijuana addiction. PSR at ¶¶ 4, 29-31, 57. He needs a drug treatment program. He also needs to be removed from the bad influence of his hometown of Brockton, Massachusetts. He does not need incarceration. Indeed, while on release during this past year, Mr. Upshaw has demonstrated that although he continues to experience a problem with marijuana use, he readily stays out of trouble so long as he remains outside of Brockton. During this past year, Mr. Upshaw has also matured a great deal, as he has been diagnosed with adult onset diabetes, and has, therefore, been forced to confront his own mortality. PSR at ¶ 54. His diagnosis has given Mr. Upshaw a

4

newfound appreciation for life, and an increased sense of responsibility. He understands the stupidity and wrongfulness of his ammunition possession offense, and if given the proposed sentence, he will not recidivate. He has learned his lesson.[2]

### 3. The Proposed Sentence is Sufficient to Serve the Purposes of Sentencing As Set Forth In 18 U.S.C. § 3553(a)(2)

The proposed sentence fits the crime and the defendant. Six months incarceration combined with six months of drug treatment would adequately punish Mr. Upshaw while at the same time providing him with needed help for his marijuana addiction. The proposed sentence reflects the fact that the offense of conviction, though serious, is not the most egregious form of ammunition possession. The sentence is, therefore, just under the circumstances and would appropriately promote respect for the law. 18 U.S.C. § 3553(a)(2)(A).

The proposed sentence would also serve the interests of both specific and general deterrence. With respect to specific deterrence, the proposed sentence would be sufficient as it would be twice the length of any sentence previously imposed upon Mr. Upshaw. The proposed period of incarceration and drug treatment, combined with the proposed two years of supervised release, a condition of which would require Mr. Upshaw to stay outside of Brockton, Massachusetts, would all but guarantee that Mr. Upshaw would never again commit a crime. During this past year, he has demonstrated an ability to stay out of trouble. If he receives the

---

[2] Mr. Upshaw acknowledges that the instant ammunition possession offense is not his first. *See* PSR at ¶ 31. The earlier offense involved Mr. Upshaw being stopped for speeding, and a box of ammunition being found on the passenger side floor of the car he was driving. *Id.* Although it is obviously disturbing that the current offense is Mr. Upshaw's second ammunition possession offense, it does indicate a trend or a likelihood of future recidivism. If anything, the fact of the second offense illustrates the importance of Mr. Upshaw staying away from his old acquaintances in Brockton, which is something he has done for the past year and that he is committed to doing going forward. Mr. Upshaw is a changed person from the person who handled a box of ammunition in April 2005. With his new sense of responsibility, he will stay away from Brockton, and he will not again put himself in a position to commit an ammunition, let alone any other firearm, offense.

5

proposed sentence, and continues to stay out of Brockton, he will remain crime-free. 18 U.S.C. § 3553(a)(2)(C).

As a matter of general deterrence, the proposed sentence, for a person who has never previously received a sentence of greater than six months incarceration, and whose offense, though serious, was nothing more than picking up a box from a hallway at the direction of a friend and handing it to another person, would send a loud, clear message. The proposed sentence would send the message that even the most incidental ammunition possession will be treated as a federal offense, with jail time meted out. This message should adequately deter others from engaging in the conduct for which Mr. Upshaw has been found guilty. 18 U.S.C. § 3553(a)(2)(B).

In addition, the proposed sentence would serve the interest of rehabilitation by providing Mr. Upshaw with long overdue drug treatment. 18 U.S.C. § 3553(a)(2)(D).

### 4. **The Proposed Sentence Would "Avoid Unwarranted Sentence Disparities Among Defendants With Similar Records Who Have Been Found Guilty of Similar Conduct." 18 U.S.C. § 3553(a)(6).**

By virtue of the fact that Mr. Upshaw has a criminal history category of III, his guideline sentencing range is 15-21 months. But, as discussed above, Mr. Upshaw's prior offenses have been minor. He is not a true category III offender. If anything, he is much closer to a category I or, at worst, a category II. The proposed sentence, which would encumber Mr. Upshaw's liberty for twelve months, would be within the guideline range for category I or II offenders who have been found guilty of Mr. Upshaw's offense of conviction. As such, the proposed sentence would be in line with sentences received by persons who have similar real-world records to that of Mr. Upshaw and who have been found guilty of similar conduct. Accordingly, the proposed sentence would serve the need set forth in 18 U.S.C. § 3553(a)(6).

## CONCLUSION

Mr. Upshaw is a man who has learned his lesson. He is not a candidate for recidivism. The proposed sentence represents a warranted minor variance from the guidelines. It is a reasonable sentence and one that is sufficient to comply with the purposes of sentencing. Mr. Upshaw requests that it be imposed.

> Respectfully Submitted,
>
> DARNELL UPSHAW
>
> By his attorneys,
>
> /s/ David J. Apfel
> David J. Apfel (BBO # 551139)
> Anita Bapooji Ryan (BBO # 644657)
> GOODWIN PROCTER LLP
> Exchange Place
> Boston, MA 02109-2881
> 617-570-1000

Dated: August 30, 2006

## CERTIFICATE OF SERVICE

I, David J. Apfel, attorney for the Defendant Darnell Upshaw, do hereby certify that I caused a copy of this Sentencing Memorandum to be served upon Christopher Bator, Assistant U.S. Attorney, via ECF on August 30, 2006.

> /s/ David J. Apfel
> David J. Apfel

LIBA/1726199.1